# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IIDILFONSO VALDEZ MEZA, | Case No. 1:26-cv-04545-KES-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al., | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| Respondents. | (ECF No. 3) |

Petitioner is a federal immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

The petition alleges that Petitioner has been detained in Department of Homeland Security ("DHS") custody SINCE May 27, 2026. (ECF No. 1 at 2.[1]) On June 12, 2026, Petitioner filed the instant petition for writ of habeas corpus raising a prolonged detention due process claim. (Id. at 6–17.) As Petitioner provides no allegations explaining the factual circumstances of his entry into the United States and whether he previously encountered immigration officials or was previously released on supervision, the Court cannot liberally construe the petition as articulating a more general due process challenge to his detention or a challenge to the statutory authority for his detention.

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases[2] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

### A. Prolonged Detention

"As a general matter, detention is prolonged when it has lasted six months and is expected to continue more than minimally beyond six months." Diouf v. Napolitano, 634 F.3d 1081, 1092 n.13 (9th Cir. 2011). Additionally, the Supreme Court has recognized six months as a presumptively reasonable period of detention in the related removal period context.[3] Zadvydas v. Davis, 533 U.S. 678, 701 (2001). "Several circuit and district courts have found that unreasonably long detention periods with no allowance for a bond hearing may violate the due process clause." Sankit v. Marin, No. 1:26-CV-01086-KES-SKO (HC), 2026 WL 395633, at *2 (E.D. Cal. Feb. 12, 2026) (collecting cases), report and recommendation adopted, 2026 WL 714579 (E.D. Cal. Mar. 13, 2026). See also Gonzalez v. Bonnar, No. 18-cv-05321-JSC, 2019 WL 330906, at *3 (N.D. Cal. Jan. 25, 2019) ("In general, '[a]s detention continues past a year, courts become extremely wary of permitting continued custody absent a bond hearing.'" (alteration in original) (quoting Muse v. Sessions, 409 F. Supp. 3d 707, 716 (D. Minn. 2018))). "However, these cases involved detention periods substantially longer than 6 months. Here, Petitioner's shorter detention period of [one] month[] is well within the 6-month

---

[2] The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

[3] "When an alien has been found to be unlawfully present in the United States and a final order of removal has been entered, the Government ordinarily secures the alien's removal during a subsequent 90–day statutory 'removal period,' during which time the alien normally is held in custody." Zadvydas v. Davis, 533 U.S. 678, 682 (2001). "[I]f the noncitizen is not removed during the removal period or the three months thereafter (collectively the six-month presumptive period articulated in *Zadvydas*), his continued detention may violate due process, and his release may be constitutionally compelled." Abrego Garcia v. Noem, No. 8:25-02780-PX, 2026 WL 439211, at *2 (D. Md. Feb. 17, 2026).

presumptively reasonable period contemplated in Zadvydas and does not implicate those constitutional concerns." Sankit, 2026 WL 395633, at *2. Accordingly, the Court recommends finding that Petitioner's one-month detention "does not qualify as unreasonably prolonged as to violate his Fifth Amendment due process rights." Id.

### B. Motion for Appointment of Counsel

Petitioner has moved for appointment of counsel. (ECF No. 3.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, the Criminal Justice Act authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner contends that counsel should be appointed because Petitioner "has a strong chance of success on the merits" "the complexity of the law on immigration detention," and his "status as a detained immigrant," which makes presenting his case without the assistance of counsel difficult. (ECF No. 3 at 2.)  Upon review of the petition, the Court finds that Petitioner appears to have a sufficient grasp of the claims and the legal issues involved and Petitioner is able to articulate those claims adequately. The Court finds that the interests of justice do not require the appointment of counsel at the present time.

### III.

### RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED.

Further, the motion for appointment of counsel (ECF No. 3) is DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **June 25, 2026**

STANLEY A. BOONE
United States Magistrate Judge